**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Scott Beair,                                                   Case No. 3:15CV322

            Plaintiff

       v.

Ohio Department of Rehabilitation and             **ORDER**
  Corrections, et al.,

            Defendants

This is a civil-rights suit under 42 U.S.C. § 1983 by Scott Beair, a former inmate, against Management and Training Corporation, a private contractor operating the Marion, Ohio, North Central Correctional Center (NCCC); a subsidiary, MTC Medical, LLC, that is responsible for providing medical care at NCCC; and several John Doe employees of the defendants.

Beair suffered from severe back problems when he began serving a prison term at NCCC. His condition ultimately necessitated surgery. Beair alleges the five individual defendants (John Does 1 through 5) refused to schedule that surgery in a timely fashion, failed to implement his treating physician's instructions for post-surgery follow-up appointments, and did not issue prescribed pain medications.

He contends this conduct amounted to deliberate indifference to his serious medical needs, and that the MTC Defendants adopted and implemented a custom or policy of refusing to provide adequate medical care to prisoners at NCCC. Beair has also brought a state-law negligence claim against the Doe defendants.

Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1367(a).

Pending is the MTC Defendants' motion to dismiss for failure to state a claim. (Doc. 19). For the following reasons, I grant the motion in part with prejudice, grant it in part without prejudice, and deny it in part.

## Background

Management and Training Corporation has a contract with the State of Ohio to operate the NCCC; it requires the company, *inter alia*, to manage the prison "pursuant to the requirements of the United States Constitution[.]" (Doc. 1 at ¶5).

Beair was an inmate at NCCC from January, 2012, until December 18, 2014. Upon his admission to the prison, Beair "informed defendants of his cervical and low back disc problems." (*Id.* at ¶8). In December, 2013, Beair had back surgery at the University of Toledo Medical Center "to address bulging and/or herniated cervical discs." (*Id.* at ¶9). He required follow-up care from a neurosurgeon.

According to the complaint, however, Beair encountered repeated delays and difficulties obtaining the medical care he required.

Hoping to remedy the situation, he filed grievances alleging prison medical staff failed to: 1) schedule his follow-up appointment until late June, 2014 – some thirty weeks after his neurosurgeon wanted the appointment to take place; 2) ensure he received prescribed pain medication; and 3) provide him with needed physical therapy.

This caused Beair "extreme anxiety, fear, [and] pain." (*Id.* at ¶18).

Beair filed suit in December, 2014, in the Common Pleas Court of Marion County, Ohio; the defendants removed the case to this court. He brings four claims against the MTC Defendants and

2

the Doe defendants: 1) deliberate indifference to his serious medical needs, in violation of the Eighth Amendment; 2) deliberate indifference to his serious medical needs, in violation of the Fourteenth Amendment; 3) negligence; and 4) punitive damages.

## Discussion

A complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### A. Eighth Amendment Claim

To state a claim under § 1983, Beair must allege "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

Beair's constitutional claim is that the MTC Defendants and the Doe defendants were deliberately indifferent to his serious medical needs.[1]

The gravamen of the motion is that the MTC Defendants "cannot be held vicariously liable for the allegedly unconstitutional actions of their employees." (Doc. 23 at 11). Defendants invoke

---

[1] There is no dispute all the defendants are state actors under the "public functions" test. *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996) (private corporation and its employees were "acting under color of state law in that they were performing the traditional state function of operating a prison").

the familiar principle that there is no vicarious liability in § 1983 cases. *Street*, *supra*, 102 F.3d at 818 ("A defendant cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis.").

The MTC Defendants argue they can be liable only if Beair had alleged, in nonconclusory fashion, they have a custom or policy of denying medical care to inmates at NCCC, and that this policy caused Beair's injuries. They contend Beair's allegations on that issue are purely conclusory. Finally, they also argue that, even if Beair had plausibly alleged a custom or practice, Beair has not adequately alleged the John Doe defendants were deliberately indifferent.

Beair's opposition brief emphasizes the low threshold he must clear to survive a motion to dismiss. He also argues the complaint is adequate because it put "MTC Defendant on notice of its policies and practices of failing to provide [him] with adequate medical care." (Doc. 25 at 9).

I will first consider whether Beair alleged a plausible Eighth Amendment claim against the Doe defendants. I will then turn to whether the MTC Defendants are liable for any unconstitutional conduct committed by the Doe defendants.

**1. Deliberate Indifference – Doe Defendants**

"The Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward the inmate's serious medical needs." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004).

To state a deliberate-indifference claim, an inmate must allege: 1) he has serious medical needs; and 2) prison officials "possessed a sufficiently culpable state of mind in denying medical care." *Kindl v. City of Berkley*, 798 F.3d 391, 398 (6th Cir. 2015). This means that the official

4

"knows of and disregards an excessive risk to inmate health and safety[.]" *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008).

The complaint, taken as true and in the light most favorable to Beair, establishes that Beair suffered from bulging or herniated cervical discs. The condition was severe enough to require back surgery, and then ongoing care under a neurosurgeon's supervision, pain medication, and physical therapy. These allegations suffice to show Beair had a serious medical need.

The defendants focus on the subjective component of Beair's claim.

They argue Beair's allegations "boil down" to mere dissatisfaction with "the speed with which he was scheduled for back surgery and provided with follow-up care." (Doc. 23 at 18). At best, they contend, Beair alleged the Doe defendants were "generally aware" of his condition, but he did not allege the Doe defendants ignored an excessive risk of harm. They conclude by observing that Beair has no right "to the medical care he requests on the timetable he prefers." (*Id.* at 20).

These arguments have no merit, principally because they fail to take the allegations in the complaint in the light most favorable to Beair.

This is not a case, as the MTC Defendants would have it, about a prisoner making unfounded demands for medical care he would prefer, and on a timetable he would set. It is a case about prison officials who ignored an inmate's severe, *bona fide* needs as defined by a medical professional.

Beair's need for back surgery, the operation itself, and his neurosurgeon's opinion that post-operative care was required, establish, beyond peradventure, the seriousness of his condition.

5

The grievances he filed show Beair had complained about delays in scheduling the surgery. They also show he had advised prison staff that his neurosurgeon called for at least one follow-up appointment, a regimen of pain medication, and a course of physical therapy. Yet Beair alleges prison staff waited thirty-six weeks after his operation to schedule the follow-up appointment – though his doctor had set the appointment for six weeks after the operation. Staff then deviated from a prescribed course of pain medication and interfered with Beair's access to physical therapy.

These allegations suggest the medical staff at NCCC supplanted the professional judgment of Beair's doctor with their own judgment as to the level of appropriate care. Rather than merely ignoring Beair's inexpert demands, the Doe defendants followed their own, inexpert preferences.

Beair's complaint therefore yields a plausible inference the Doe defendants disregarded a known and excessive risk of harm. I therefore reject the MTC Defendants' argument Beair failed to state a deliberate-indifference claim *vis-a-vis* the Doe defendants.

## 2. MTC Defendants – Policy or Custom

To hold the MTC Defendants liable for the conduct of the John Doe defendants, Beair must allege that "a policy or custom of the [MTC Defendants] was the 'moving force' behind the deprivation of [his] rights." *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010).

"A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

6

Beair alleges the MTC Defendants "allowed, permitted and/or acquiesced with a practice of delaying and/or denying inmates access to necessary medical care." (Doc. 1 at ¶10). Relying on the Does' misconduct in his case, Beair further alleges the MTC Defendants have a "pattern, custom and/or practice of deliberate indifference to plaintiff's serious medical needs[.]" (*Id.* at ¶16).

These allegations lack any supporting factual detail and are simply "legal conclusions masquerading as factual allegations." *Maxwell v. Correctional Med. Servs., Inc.*, 538 F. App'x 682, 692 (6th Cir. 2013).

In an effort to avoid dismissal, Beair argues the fact that other inmates at NCCC have filed deliberate-indifference suits against the MTC Defendants shows the existence of a policy or custom of unconstitutional conduct. He points to *Bell v. Mgmt. & Training Corp.*, Case No. 3:15CV1175 (N.D. Ohio), a case pending before me in which twenty-three current or former NCCC inmates have brought Eighth Amendment claims against the MTC Defendants. Like Beair, many of the plaintiffs in *Bell* allege prison staff refused to provide them with medical care ordered by a doctor.

"Although [courts] are certainly permitted to take judicial notice of court records and judicial proceedings under some circumstances, such as to confirm the fact of filing, [courts] may not do so in order to discern the truth of the facts within that filing." *Jergens v. Ohio Dep't of Rehab. & Corrections Adult Parole Auth.*, 492 F. App'x 567, 569 (6th Cir. 2012).

This is so, because it is appropriate to take judicial notice of only those facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). "While the existence of . . . court records [is] capable of accurate and ready determination, the facts contained within any particular document may not be easily confirmed." *Embassy Realty Invs., LLC v. City of Cleveland*, 877 F. Supp. 2d 564, 571 (N.D. Ohio 2012) (Lioi, J.).

7

Courts therefore take notice "of the existence of the documents and the proceedings in which the documents were generated," but they "do[ ] not take judicial notice of the truth of any statement of facts contained within th[o]se documents." *Id.*; *see Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008) (district court, in ruling on motion to dismiss, properly took judicial notice of pleading filed in related bankruptcy case without accepting its allegations as true); *Nolte v. Capital One Fin. Corp.*, 390 F.3d 311, 317 * (4th Cir. 2004) ("A court cannot take notice of (and so assume the truth of) mere allegations [in a complaint in a separate case] that Capital One or its management made false statements or omissions during the class period.").

Beair asks me to notice the *Bell* plaintiffs' allegations of deliberate indifference, not to confirm the existence of those allegations, but to establish their truth. For only if those allegations were true would they be relevant in showing "prior instances of unconstitutional conduct demonstrating that [the MTC Defendants] ha[ve] ignored a history of abuse and w[ere] clearly on notice that the training in this area was deficient and likely to cause injury." *Savoie v. Martin*, 673 F.3d 488, 495 (6th Cir. 2012).

Though Beair, in effect, wants me to conclude there is fire here from reports of smoke elsewhere, I cannot, for the reasons given above, do so. *Cf. Armengau v. Cline*, 7 App'x 336, 345 (6th Cir. 2001) ("it is emphatically not the job of the court to salvage a complaint by taking judicial notice of facts the plaintiff should have included in an amended complaint").

I will, therefore, dismiss the Eighth Amendment claim, though without prejudice to Beair's ability to seek leave to amend at a later date.

At this stage of the litigation, it seems well-nigh impossible for Beair to plead a plausible custom-or-policy claim; the evidence establishing such a custom or policy, to the extent it exists,

8

is likely to be largely in the defendants' hands. Moreover, the MTC Defendants will remain parties to the lawsuit, because, as I explain below, they may be vicariously liable for any negligence committed by the John Doe defendants. These circumstances convince me it is appropriate not to bar Beair from seeking further leave to amend his complaint re. the custom-or-policy claim, should matters learned during discovery warrant that course of action.

### B. Substantive Due Process Claim

In count two of the complaint, Beair asserts a substantive-due-process claim that rests on the same factual allegations as his Eighth Amendment claim.

When a plaintiff complains about "the unnecessary and wanton infliction of pain in penal institutions," his claim "must be for redress of eighth amendment, not fourteenth amendment substantive due process, rights." *Walker v. Norris*, 917 F.2d 1449, 1455 (6th Cir. 1990); *see also Jordan v. Koehler*, 14 F.3d 601, *1 (6th Cir. 1993) (Table).

Because Beair cannot maintain both an Eighth Amendment claim and a Fourteenth Amendment claim in this case, I will dismiss the latter claim with prejudice.

### C. Negligence

To state a negligence claim under Ohio law, a plaintiff must allege "the existence of a duty, a breach of that duty, and injury that is the proximate cause of that breach." *Delta Fuels, Inc. v. Ohio Dep't of Transp.*, 2015-Ohio-5545, ¶36 (Ohio App.).

Beair alleges the MTC Defendants and the Doe defendants "had a duty to provide timely, adequate medical care, treatment and services" to him during his incarceration. (Doc. 19-1 at ¶29). He contends the defendants' "delays" in providing such care breached their duty, with the end result

9

being "extreme anxiety, fear, pain, emotional and psychological distress" and "permanent injury." (*Id.* at ¶¶30, 33).

The MTC Defendants argue these allegations are insufficient to state a claim. They maintain that Beair's claim is a "medical claim" for purposes of O.R.C. § 2305.113, in which case Beair needed to – but did not – attach an affidavit of merit from a medical professional testifying to the *bona fides* of his claim. They also contend his allegations are conclusory.

### 1. Affidavit of Merit

"In response to the Ohio Legislature's passage of so-called 'tort reform,' the Ohio Supreme Court amended Rule 10 of the Ohio Rules of Civil Procedure" to require that a complaint containing a "medical claim" include an affidavit of merit from an expert witness. *Thompson v. U.S.*, 2013 WL 3480347, *1 (N.D. Ohio) (Gwin, J.).

A "medical claim" is one that "arises out of the medical diagnosis, care, or treatment of any person," and is "asserted against" a physician, nurse, physical therapist, EMT, hospital, or any employee or agent of a physician or hospital. O.R.C. § 2305.113(E)(3).

Beair's claim falls within that definition, as he seeks redress for inadequate medical care rendered by staff at NCCC charged with providing such care. Although it is unclear what positions the John Doe defendants in fact held, it seems most likely that one or more of them was a physician, nurse, an agent of either, and/or a physical therapist working at the prison

Accordingly, Beair's claim implicates Rule 10(D)(2).

Under that Rule, an affidavit of merit must include: 1) a statement the affiant has reviewed the relevant medical records concerning the plaintiff's allegations; 2) a statement that the affiant is familiar with the applicable standard of care; and 3) the affiant's opinion that a defendant breached

the applicable standard of care and thereby caused the plaintiff's injuries. Ohio R. Civ. P. 10(D)(2)(a)(i)–(iii).

The MTC Defendants argue Rule 10(D) applies in this litigation because it is substantive law, and federal courts apply state substantive law and federal procedural law. *E.g.*, *Erie R.R. Co. v. Thompkins*, 304 U.S. 64 (1938).

This argument starts off on the wrong foot.

"[T]he substantive/procedural distinction is a secondary question; the Court must first resolve whether there are applicable federal rules that occupy the field in question." *Thompson*, *supra*, 2013 WL 3480347, at *2. "Where a Federal Rule of Civil Procedure provides a resolution of an issue, that rule must be applied by a federal court sitting in diversity to the exclusion of a conflicting state rule so long as the federal rule is authorized by the Rules Enabling Act and consistent with the Constitution." *Larca v. U.S.*, 302 F.R.D. 148, 155 (N.D. Ohio 2014) (Lioi, J.). Only if there is no applicable federal rule does "the court determine whether the state rule ought to apply pursuant to the doctrine announced in *Erie*[.]" *Id.*

Fed. R. Civ. P. 8 addresses the question now before me: whether Beair's complaint is sufficient to state a negligence claim. That Rule "governs the pleading standard in all civil actions and proceedings in the United States District Courts[.]" *Iqbal*, *supra*, 556 U.S. at 683. And under that Rule, a complaint need contain only a statement of the court's jurisdiction, a "short and plain statement" showing an entitlement to relief, and a demand for relief. Fed. R. Civ. P. 8(a).

There is no question, then, that Rule 10(D)(2) of the Ohio Rules of Civil Procedure "directly collides" with Rule 8. *Larca*, *supra*, 302 F.R.D. at 159; *accord Muncy v. Siefker*, 2013 WL 1284233, *5 (N.D. Ohio) (Helmick, J.). Indeed, as the Ohio Supreme Court recognized in *Fletcher v. Univ.*

11

*Hosps. of Cleveland*, 120 Ohio St. 3d 167, 170 (2008), "the very purpose" of the Rule "is to place a heightened pleading requirement on parties bringing medical claims."

By requiring a plaintiff to plead more than what Rule 8 demands, the Ohio Rule "concretely increase[s] the plaintiff's burden to properly plead a cause of action in federal court" and is therefore inapplicable in this case. *Larca*, *supra*, 302 F.R.D. at 159.

The next question is "whether application of the federal rule represents a valid exercise of the rule making authority bestowed on [the Supreme Court] by the Rules Enabling Act." *Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*, 559 U.S. 393, 422 (2010) (Stevens, J., concurring in part and concurring in judgment). Defendants make no argument along these lines, but I agree with Judge Sara Lioi's analysis that "[u]sing the federal pleading scheme established by Rules 8 and 9 in lieu of Rule 10(D)(2)" does not change "the scope of the substantive medical practice claim" created by Ohio law. *Larca*, *supra*, 302 F.R.D. at 159; *see also Fletcher*, *supra*, 120 Ohio St. 3d at 171 (dismissal for non-compliance with Rule 10(D)(2) is "not on the merits"). Nor is there any basis for concluding the Federal Rules exceed constitutional authority.

I therefore hold, in line with Judges Gwin, Lioi, and Helmick, that Rule 8 answers the question presented and applies to the exclusion of the Ohio Rule. Accordingly, I deny the MTC Defendants' motion to dismiss because of non-compliance with Rule 10(D)(2).

## 2. Plausibility of the Negligence Claim

Defendants' argument that Beair's negligence claim is conclusory lacks merit.

The MTC Defendants concede "a custodian owes to its inmates a common-law duty of reasonable care and protection from unreasonable risks." (Doc. 23 at 24) (citing *Clifton v. Ohio Dep't of Rehab. & Corr.*, 2007-Ohio-3791 (Ohio App.)).

Furthermore, for the reasons given with respect to Beair's deliberate-indifference claim against the John Doe defendants, *see* pp. 5-7, *supra*, Beair has adequately alleged the Doe defendants breached their duty of care by delaying necessary follow-up care and ignoring doctors' order re. Beair's access to medications and physical therapy. The complaint also alleges, in plausible, non-conclusory terms, these breaches caused Beair physical and emotional harm.

Finally, I agree with the MTC Defendants they can be vicariously liable for the negligence of the Doe defendants. (Doc. 27 at 16); *Comer v. Risko*, 106 Ohio St. 3d 185, 188-89 (2005).

### D. Punitive Damages

I will dismiss Beair's claim for punitive damages because there is no such freestanding cause of action under Ohio or federal law. The dismissal is without prejudice to Beair's ability to obtain such damages should he prevail on one or more of his claims, and, in doing so, provide an evidentiary basis for a punitive-damages charge and verdict.

### Conclusion

It is, therefore, ORDERED THAT the MTC Defendants' motion to dismiss (Doc. 23) be, and the same hereby is:

1. Granted, without prejudice, as to the Eighth Amendment claim;

2. Granted, with prejudice, as to the Fourteenth Amendment claim;

3. Denied as to the negligence claim; and

4. Granted, without prejudice, as to the claim for punitive damages.

So Ordered.

/s/ James G. Carr
Sr. U.S. District Judge